IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LSQ FUNDING GROUP, L.C., )
)
        Plaintiff, )
)
v. ) No. 06 C 652
)
JETGLOBAL, LLC, )
)
        Defendant. )

MEMORANDUM ORDER

JetGlobal, LLC ("JetGlobal") has filed its Notice of Removal, seeking to bring this action, brought against it by LSQ Funding Group, L.C. ("LSQ"), from the Circuit Court of Cook County to this District Court on diversity of citizenship grounds. This memorandum order is issued sua sponte because of a patent jurisdictional flaw contained in the Notice.

It is of course the responsibility of every party seeking to bring any action into the federal courts, whether as an original matter or via removal, to establish the existence of subject matter jurisdiction by adducing the relevant facts in that respect. If for example a litigant adverts to an individual's place of residence rather than his or her state of citizenship, that litigant is met by our Court of Appeals with the response set out in Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998), quoting Guaranty Nat'l Title Co. v. J.E.G. Assocs., 101 F.3d 57, 59 (7th Cir. 1996):

> Of course, allegations of residence are insufficient to establish diversity jurisdiction. It is well-settled

that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit."

But because most frequently (though not always) an individual's place of residence does coincide with his or her state of citizenship, this Court tends to avoid that "well-settled" mandate, instead giving the litigant an opportunity to cure the flaw without having to incur another $250 filing fee.

But as for the different jurisdictional error contained in the Notice, it has been more than seven years since our Court of Appeals first announced (following the reasoning articulated by the Supreme Court 15 years ago in Carden v. Arkoma Assocs., 494 U.S. 185, 196 (1990)) that for a limited liability company neither its place of formation nor its principal place of business is a relevant fact, with the presence or absence of diversity instead being a function of the citizenship of every member of that company (Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998)). Indeed, our Court of Appeals has since had occasion to repeat that principle on more than one occasion (see, e.g., Belleville Catering Co. v. Champaign Market Place, L.L.C., 350 F.3d 691, 692 (7th Cir. 2003)).

This Court's primary obligation in connection with every case newly assigned to its calendar is set out succinctly in Wisconsin Knife Works v. National Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986):

> The first thing a federal judge should do when a

2

complaint is filed is check to see that federal
jurisdiction is properly alleged.

In this instance this Court sees no excuse for members of one of the city's largest law firms, which practices so extensively in the federal courts, to advance only this "transparently incomplete and incorrect" (Belleville Catering, 350 F.3d at 692) statement in support of claimed diversity (Notice ¶5):

> Complete diversity of citizenship exists under 28 U.S.C. §1332. LSQ is a Florida limited liability company. See Complaint at ¶1. LSQ's headquarters and principal place of business is also in Florida. JetGlobal is a Delaware limited liability company with its principal place of business in Illinois. Thus, the diversity of citizenship requirement is met.[1]

And quite unlike the situation of an individual litigant, there is no strong inference that the quoted facts coincide with the relevant jurisdictional facts as to the litigants here.

Because JetGlobal's counsel have thus failed to establish jurisdiction as they must, this Court takes its lead from the Court of Appeals' "well-settled" principle: It holds that "it appears that the district court lacks subject matter jurisdiction" (28 U.S.C. §1447(c)). And that being so, the same statutory provision teaches that "the case shall be remanded."

---

[1] [Footnote by this Court] Complaint ¶2 does identify LSQ as a joint venture between two other entities--but that doesn't provide the entire story as to even half of the parties, for the required jurisdictional information as to those entities has not been supplied (something that LSQ did not have to do in the Circuit Court, which is a court of general rather than limited jurisdiction). And no jurisdictional information at all is furnished as to JetGlobal by its own counsel.

3

This Court so orders, and the Clerk is directed to mail a certified copy of the order of remand forthwith in order that "[t]he state court may thereupon proceed with such case" (id.).

_____
Milton I. Shadur
Senior United States District Judge

Date:   February 6, 2006